BLANCHARD ET AL. v. WARE.

1. **Pleading:** FRAUD MUST BE ALLEGED. Where, in an action to set aside the decree of a court quieting the title to land, a demurrer to the petition was sustained and judgment rendered thereon, the petition in another action subsequently commenced for the same purpose alleging the discovery of fraud since the former judgment was rendered, should specify distinctly the new and material facts alleged to constitute the fraud.

*Appeal from Poweshiek District Court*

WEDNESDAY, JUNE 14.

ON the 8th day of March, 1873, the plaintiffs commenced an action to set aside a decree entered in the cause of E. K. Ware against W. D. Freeman, asking that a new trial be granted, and that plaintiffs, as the owners of the land in controversy, be permitted to redeem. The defendant's demurrer to the petition was sustained. On appeal to this court the judgment was affirmed. See 37 Iowa, 505. On the 22d day of September, 1874, the plaintiffs commenced this action, asking the same relief as that before sought.

In addition to the facts before stated, the petition now alleges that the decree sought to be set aside was rendered in pursuance of a fraudulent arrangement and agreement between the plaintiff, Ware, and the attorney of defendant; that plaintiffs herein, before purchasing the land of Freeman, came from the State of Illinois, where they then resided, and have continued to reside until the present time, and employed a competent attorney and examiner of titles to examine the records relating to said land, and that on a careful examination of all the records of the county of Poweshiek, there was found to be nothing of record on file in any of the offices of the public officers of said county, showing or tending to show that any suit had ever been commenced by any person which in any way involved any determination of title to said land, and there was nothing of record showing that any suit had been commenced by Ware or any one for him; that said Ware wrongfully and fraudulently, by false and fraudulent and malicious reports and statements, prevented various persons from informing plaintiffs that he had obtained a decree adjudging him to be the owner of the land, and quieting his title thereto, all of which was done for the express purpose of preventing by lapse of time any petition for new trial until the two years allowed by statute had elapsed; that as soon as plaintiffs learned they were deprived of the possession of said land, they came to Poweshiek county, Iowa, and investigated the matter, and at the April term of this court commenced their action for a new trial of said cause, which action was decided on demurrer and carried to the Supreme Court, and there decided on demurrer in the early part of the present year, and since which time they have learned new and material facts in relation to the fraud practiced by said Ware in obtaining said decree confirming his title to said land, and that the above are the only reasons why their action was not commenced sooner, they having been always ready to defend their rights to said land, and having never in any way been guilty of negligence in relation to said land, or their application for a new trial in *Ware v. Freeman.*

Blanchard et al. v. Ware.

The defendant's demurrer to this petition was sustained. Plaintiffs appeal.

*Clark Varnum*, for appellants.

*Seevers & Cutts*, for appellee. .

DAY, J.— The demurrer was properly sustained, if for no other reason, upon the ground that the petition does not state

1. PLEADING: fraud must be alleged.

that the fraudulent acts of Ware, of which complaint is now made, were not known to plaintiff when the former action was commenced. True, the petition states that since the decision in the former case plaintiffs have learned new and material facts in relation to the fraud practiced by Ware in obtaining the decree confirming his title to the land. But what these new and material facts are, the petition does not state. It nowhere appears in the petition that any fact has been learned since the former decision respecting the conduct between Ware and Freeman's attorney, or respecting reports circulated by Ware to keep third persons from informing plaintiffs that he had obtained a decree quieting his title to the lands. The petition should distinctly aver what facts have been discovered, in order that the court may determine whether they are new or material. Without suggesting other objections to the petition which might be mentioned, we are clear that in this respect it is fatally defective.

AFFIRMED.

SEEVERS, Ch. J., having been of counsel, took no part in this decision.